# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**CHRISTOPHER HAMER**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.

**ALL STAR PERSONNEL, LLC**
*a Tennessee Limited Liability Company,*

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Christopher Hamer ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former employees as a class, brings action alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*, including collective claims for unpaid overtime and individual claims for retaliation against All Star Personnel, LLC ("Defendant") and shows as follows:

## I. INTRODUCTION

1. The FLSA was passed by Congress in 1938. The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard

1

of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees as defined herein. Plaintiff is also bringing an individual claim against Defendant for retaliation under the FLSA, because Defendant wrongfully terminated Plaintiff's employment for complaining about working through meal breaks without receiving compensation and for not being paid timely.

3. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA and for terminating Plaintiff's employment.

4. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff also brings individual claims against Defendant for retaliation under the FLSA.

## II. PARTIES

6. Defendant All Star Personnel, LLC is a Tennessee limited liability company, with its principal address located at 109 International Drive, Suite 230, Franklin, Tennessee 37067-1764. Defendant is a staffing and employee leasing agency. According to Defendant's website, "All-Star Personnel, Inc., one of the premier employment agencies in Middle Tennessee, has been locally owned, operated and an active member of the

community since 1996. We understand the marketplace, the local industries and can adapt easily to your needs. All-Star has grown from its modest beginnings to include six branches, seven on-site staffing locations and one corporate office throughout Tennessee. We have employment and temp agencies in Nashville, Murfreesboro, Smyrna, Lebanon, Portland and Gallatin." *see https://www.all-starpersonnel.com/temp-agencies-nashville/*. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent, Steve Weldon, 109 International Drive, Franklin, Tennessee 37067-1764.

7. Plaintiff Christopher Hamer was employed by Defendant as an hourly-paid non-exempt worker and assigned to the Vi-Jon, LLC Smyrna, Tennessee account, within this district at all times material to this collective action. Mr. Hamer's consent to join form is attached as *Exhibit A*.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant has conducted business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

### IV. CLASS DESCRIPTION

10. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid non-exempt employees of Defendant at the Vi-Jon, LLC Smyrna, Tennessee assignment during the applicable limitation's period (*i.e.*, two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final

3

judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## V. COVERAGE

11. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

12. At all times hereinafter mentioned, Plaintiff and those similarly situated have been "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

## VI. FACTUAL ALLEGATIONS

16. Defendant is a leading staffing and employment agency in Middle Tennessee.

17. Defendant places temporary employees at Vi-Jon, LLC's Smyrna, Tennessee manufacturing facility. Upon information and belief, Vi-Jon, LLC is a client of Defendant.

18. Vi-Jon, LLC manufactures and distribute personal care products from its facility in Smyrna, Tennessee.

19. Defendant established and administered the pay practices of Plaintiff and similarly situated employees during the three (3) years preceding the filing of this collective action.

20. Plaintiff and other similarly situated employees worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

21. At all times material, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and similarly situated employees, which system involved a "clocking-in" and "clocking-out" process.

22. At all times material, Defendant has had a common plan, policy and practice of automatically "deducting" a 30-minute meal period during each work shift of Plaintiff and other similarly situated employees, irrespective of whether they were fully relieved and/or, performed job duties, during such "deducted" 30-minute meal periods.

23. Given the job duties and responsibilities of Plaintiff and other similarly situated employees, they were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such "deducted" 30-minute meal periods and not compensated at the applicable FLSA overtime compensation rates of pay by Defendant.

24. Plaintiff and those similarly situated complained to Defendant about not being compensated overtime compensation for such 30-minute unpaid meal periods during which times they were not fully relieved of their job duties and/or, performed job duties.

25. Nonetheless, Defendant failed to "edit-in" Plaintiff's and similarly situated employees' uncompensated 30-minute meal times into its time keeping system or, otherwise compensate them for such unpaid meal times, when they were not fully relieved of their job duties and/or, performed job duties.

26. Defendant did not have a plan, policy, practice that prohibited Plaintiff and similarly situated employees from performing job duties during such 30-minute unpaid meal breaks or a system and process by which they could be relieved of their job duties during such unpaid meal break times.

27. Defendant failed to provide Plaintiff and similarly situated employees with some type log or document on which to record and report the time they were not relieved from their job duties, and/or performed job duties, during such 30-minute unpaid meal breaks.

28. The unpaid "deducted" meal period claims of Plaintiff and class members are unified by a common theory of Defendant's FLSA violations.

29. Defendant was aware it was not compensating Plaintiff and similarly situated employees at the applicable FLSA overtime rates of pay for such unpaid meal break times within relevant weekly pay periods at all times material.

30. Defendant's common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

31. Defendant's failure to compensate Plaintiff and those similarly situated for the time they performed job duties and/or, were not fully relieved of their job duties, during 30-minute unpaid meal periods was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

32. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

33. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

34. Defendant terminated Plaintiff's employment because he complained about the tardiness of regularly scheduled paychecks and because he complained about working through uncompensated meal breaks.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this case as a collective action on behalf of herself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

36. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

38. Plaintiff and class members are similarly situated because their unpaid "deducted" meal period claims are unified by a common theory of Defendant's FLSA violations.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue their aforementioned unpaid overtime compensation claims.

41. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

42. Defendant knew Plaintiff and class members performed compensable work and/or, were not fully relieved of their job duties, during automatically "deducted" 30-minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

43. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

44. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class

members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

45. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

46. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are over one-hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

48. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text message and by posting notice in Vi-Jon, LLC' Smyrna, Tennessee manufacturing facility.

49. Plaintiff's and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

50. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

51. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

52. Defendant has been an "employer" engaged in interstate commerce consistent with 29

U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

53. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

54. As a result of Defendant's common plan, policy and practice of automatically "deducting" 30-minute meal break periods of Plaintiff and class members during which times they performed job duties and/or, were not fully relieved of their job duties and, its failure to compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, Defendant has violated the FLSA and is liable to them for such unpaid overtime compensation.

55. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

56. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

57. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

58. Defendant's actions were not in good faith.

59. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

60. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

61. Therefore, Defendant is liable to Plaintiff and class members for actual damages and liquidated damages, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
### (Violation of the Fair Labor Standards Act – Individual Retaliation Claim)

62. The forgoing paragraphs are incorporated by reference as if fully stated herein.

63. In January 2022, Defendant unlawfully terminated Plaintiff's employment.

64. Prior to his termination of employment, Plaintiff complained to Defendant's management about the tardiness of regularly scheduled paychecks and he also complained about working through uncompensated meal periods.

65. Plaintiff's aforementioned complaints is a protected activity under 29 U.S.C. § 215(a)(3).

66. Defendant violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA. Defendant was aware of this protected activity before taking adverse employment actions against Plaintiff. Defendant's decision to terminate Plaintiff's employment was causally connected to, and because he engaged in, the aforementioned protected activity. As a result of Defendant's conduct, Plaintiff has suffered monetary damages (lost wages), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages. Defendant's conduct was willful and/or in reckless disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

c) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Enter an Order awarding Plaintiff damages for Defendant's retaliatory action against him in violation of 29 U.S.C. § 215(a)(3);

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered; and

l) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 23, 2022.  Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***