# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **CHRISTOPHER HAMER** ) | |
| ) | Case No. 3:22-cv-00123 |
| **v.** ) | |
| ) | |
| **ALL STAR PERSONNEL, LLC** ) | |

**TO:** The Honorable Eli J. Richardson, United States District Judge

## REPORT AND RECOMMENDATION

This civil action was referred to the Magistrate Judge for customized case management. *See* Order entered March 9, 2022 (Docket Entry No. 7). For the reasons set out below, the undersigned respectfully recommends that this action be dismissed.

## I. BACKGROUND

Christopher Hamer ("Plaintiff") commenced this case by filing a complaint on February 23, 2022, against All Star Personnel, LLC ("Defendant") under the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. §§ 201 *et seq.*, bringing collective claims for unpaid overtime and individual claims for retaliation. Defendant filed an answer, and an initial case management order was entered on June 29, 2022. *See* Docket Entry Nos. 14 and 17.

Although Plaintiff filed the lawsuit with the benefit of retained counsel, by Order entered August 23, 2022 (Docket Entry No. 20), the Court permitted Plaintiff's counsel to withdraw and directed that substitute counsel file a notice of appearance for Plaintiff by September 19, 2022. Plaintiff was cautioned in the Order that he would be deemed to be proceeding *pro se* if substitute counsel did not enter an appearance on his behalf and that, as a *pro se* party, he could not proceed

in this case on behalf of any other individual and the collective action claims in this case would be dismissed. *Id*.

An appearance by substitute counsel was not entered on behalf of Plaintiff. The Court therefore considered Plaintiff to be proceeding *pro se* and imposed a deadline of December 30, 2022, for Plaintiff to file an amended complaint omitting the class action claims and including only his individual claim(s). *See* Order entered November 21, 2022 (Docket Entry No. 22). The Court specifically cautioned Plaintiff that his failure to timely file a proper amended complaint would result in dismissal of this entire action. *Id*. Plaintiff did not file an amended complaint as directed, and the docket in the case reflects that the copy of the November 21, 2022, Order sent to Plaintiff at his address of record was returned unclaimed with the notations "return to sender, unclaimed, unable to forward." *See* Docket Entry No. 23.

## II. ANALYSIS

As an initial matter, the law is clearly established that, while plaintiffs are permitted to proceed *pro se* in civil litigation in federal court under 28 U.S.C. § 1654, "that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (internal citations omitted).[1] Plaintiff, who is proceeding *pro se*, may not proceed with his collective claims on behalf of other individuals and those claims must be dismissed.

Furthermore, Plaintiff's individual claims likewise warrant dismissal, albeit for another reason. Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling

---

[1] Section of Title 28 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."

2

or other pretrial order ." One of the sanctions found in Rule 37(b)(2) includes the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal as to Plaintiff's individual claims. Substitute counsel has not appeared on behalf of Plaintiff and Plaintiff has not had any contact with the Court since his original counsel withdrew. As indicated by the return of mail that the Court attempted to send, Plaintiff is either non-responsive or the Court does not have a good mailing address for him. As a result, the Court cannot communicate with Plaintiff. The case cannot proceed with an absent plaintiff.

Dismissal of the case is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown and/or he refuses to accept mail from the Court. Neither the Court nor Defendant should be required to devote any further resources in the case given Plaintiff's apparent disinterest in continuing to litigate the case. Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway, proceeding *pro se* does not relieve a

litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case after the withdrawal of counsel.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that this case be DISMISSED under Rules 16(f) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge