IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER HAMER,                    )
                                      )
        Plaintiff,                    )        NO. 3:22-cv-00123
                                      )
v.                                    )        JUDGE RICHARDSON
                                      )
ALL STAR PERSONNEL, LLC               )
                                      )
        Defendant.                    )

## **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge entered January 3, 2023 (Doc. No. 24, "R&R"), wherein the Magistrate Judge recommends that this Court dismiss this case under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure. No parties have filed an objection within 14 days as required to timely object under Fed. R. Civ. P. 72 and 28 U.S.C. '§ 636(b)(1).

The R&R was mailed out to Plaintiff, who is proceeding pro se, by the Clerk's office, and such mailing reflects a date of January 4, 2023. (Doc. No. 25). On January 13, 2023, such mailing was returned to the Clerk's Office with the Post Office's notation, "Return to Sender, Vacant, Unable to Forward." (*Id.*). This actually comes as no surprise, given that part of the basis of the Magistrate Judge's recommendation to dismiss pursuant to Rule 41(b) is Plaintiff's failure to keep the Court informed of a good mailing address, as was clearly necessary here given that prior mailings from the Clerk to Plaintiff's address of record have been returned. (Doc. No. 24 at 3-4). The Court realizes that Plaintiff did not receive a copy of the R&R from the Court, and thus would not have known of the deadline to respond to it (unless he somehow received actual notice in some

other way). But as just indicated, this falls at the feet of Plaintiff; he did not receive a copy of the R&R from the Clerk for one of the exact reasons the R&R recommends dismissal of this action. Under these circumstances, Plaintiff is not entitled to relief from the 14-day deadline based on a lack of notice of the R&R.

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Id*. at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*.

Accordingly, the R&R (Doc. No. 24) is ADOPTED. The case is DISMISSED under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE